**UNITED STATES of America, Plaintiff,**

v.

**Eugene John WOLF, Defendant.**

**Nos. CR 92–60108, CV 94–6362–HO.**

United States District Court,

D. Oregon.

Oct. 5, 1995.

Kristine Olson, United States Attorney, District of Oregon, Sean B. Hoar, Assistant United States Attorney, Eugene, OR, for Plaintiff.

Eugene John Wolf, Florence, CO, pro se.

## OPINION

ROBERT E. JONES, District Judge:

Defendant Eugene John Wolf petitions to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, on the grounds of double jeopardy. After considering the arguments

---

and evidence presented by the parties, I conclude that the petition must be denied.

## FACTS

Wolf was arrested in California on October 23, 1992, pursuant to a federal complaint charging him with the manufacture of methamphetamine. He was transferred to Oregon and on November 19, 1992, a federal grand jury returned a one count indictment which charged Wolf with possessing approximately fifty kilograms of a precursor chemical with the intent to manufacture methamphetamine. A superseding indictment expanded the charges to nine counts related to the manufacture of methamphetamine.

A jury trial was held from March 29 through April 7, 1993, in Eugene, Oregon. On April 7, 1993, the jury found Wolf guilty of all charges. On June 21, 1993, Wolf was sentenced to prison for 264 months.

Two administrative forfeiture proceedings involved property seized from Wolf and his sons. On October 22, 1992, two automobiles, a motorcycle, $1,410 in cash, and various items of equipment were seized by police officers in Coos County, Oregon. The State of Oregon initiated administrative forfeiture proceedings, and a claim was filed by Eric Wolf, Eugene Wolf's son. Eugene Wolf did not file a claim, nor did his other son, Charles Wolf. On June 18, 1993, the case was concluded by a stipulated order for forfeiture in the Circuit Court for Coos County, Oregon. According to the stipulated order, some of the seized property was forfeited to the State of Oregon, and some of the property was returned to Eric Wolf.

On October 16, 1992, and October 27, 1992, members of the police department in San Pablo, California seized currency totaling $7,557.07. Wolf did not file a claim to this property, and the forfeiture was declared final by Contra Costa County, California on April 19, 1993.

## DISCUSSION

Eugene Wolf contends that his conviction violated the Double Jeopardy Clause because jeopardy attached in one of the above forfeiture actions before he was sub-

jected to jeopardy in his criminal case. The facts stated above clearly show that Wolf's conviction did not violate double jeopardy.

First, the two forfeiture actions were brought by the State of Oregon and the State of California. Under the dual sovereignty doctrine, a federal criminal prosecution is not barred by the fact that there has been a prior forfeiture action by a separate sovereign. *United States v. Branum,* 872 F.Supp. 801 (D.Or.1994). The record contains no evidence that could bring this case within the narrow 'Bartkus' exception to the dual sovereignty doctrine. *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959).

In addition, Eugene Wolf failed to assert claims in the civil forfeiture actions by the states of California and Oregon. The Ninth Circuit recently ruled that a putative owner who fails to assert a claim to property is not subjected to jeopardy by the forfeiture proceedings. *United States v. Cretacci,* 62 F.3d 307 (9th Cir.1995).

Finally, jeopardy attached in the forfeiture proceedings when the California forfeiture became final on April 19, 1993, and the Oregon forfeiture became final on June 18, 1993. Both of these dates came after March 29, 1993, when trial began and jeopardy attached in the criminal case.

## CONCLUSION

For the reasons stated above I conclude that Wolf's conviction did not violate the Double Jeopardy Clause. The petition for relief under 28 U.S.C. § 2255 is denied with respect to all double jeopardy issues. The case is referred back to the Honorable Michael R. Hogan for determination of the remaining issues raised by Wolf's petition.

IT IS SO ORDERED.